```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| BENNIE GIBSON,<br><br>                         Plaintiff,<br><br>              -against-<br><br>EMPLOYEES, SUPERVISORS ADM. OF<br>DOCTORS NURSES EAST ELHURST HOSP,<br>et al.,<br><br>                         Defendants. | 1:19-CV-0204 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, who appears *pro se*, is barred under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any federal civil action *in forma pauperis* ("IFP") while he is a prisoner. *See Gibson v. Comm'r of NYC Corr.*, ECF 1:17-CV-0318, 3 (S.D.N.Y. Jan. 17, 2017), at 1 (citing *Gibson v. Weiss*, No. 01-CV-8382 (E.D.N.Y. Apr. 30, 2002), *appeal dismissed*, No. 02-0139-pr (2d Cir. Sept. 24, 2004), and *Gibson v. Vega*, No. 01-CV-8379 (E.D.N.Y. Apr. 30, 2002), *appeal dismissed*, No. 02-0156-pr (2d Cir. May 9, 2005)). He filed the present complaint while he was held in the North Infirmary Command ("NIC") on Rikers Island, and he seeks IFP status.[1] For the reasons discussed below, the Court directs Plaintiff to show cause why the Court should not deny his amended IFP application and dismiss this action without prejudice under the PLRA's filing bar.

---

[1] Plaintiff filed an IFP application and a prisoner authorization with his complaint. By order dated August 21, 2019, the Court noted that it had ascertained from public records "that shortly after Plaintiff mailed his complaint to this Court from the NIC, he was released." (ECF 4, p. 2.) The Court therefore ordered Plaintiff to file a amended IFP application or pay the relevant fees to bring this action. (*Id.*) Plaintiff filed an amended IFP application. (ECF 5.)

# DISCUSSION

Under the PLRA:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For the purposes of the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." § 1915(h). "[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'" *Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) (citation omitted).

To satisfy the exception to the PLRA's filing bar, a plaintiff must show that at the time that he filed his complaint, he was under imminent danger of serious physical injury. *See* § 1915(g). An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). The plaintiff must also show that there is "a nexus between the imminent danger . . . and the legal claims asserted in his complaint." *Id.* at 297. "[T]he prisoner's complaint [must] seek to redress an imminent danger of serious physical injury and . . . this danger must be fairly traceable to a violation of law alleged in the complaint."[2] *Id.*

---

[2] A plaintiff seeking to proceed IFP under this exception to the filing bar must show that at least one of his claims has a nexus to an imminent danger of serious physical injury; he can

2

Plaintiff filed the present complaint while he was held in the NIC on Rikers Island. The Court therefore considers him to be a prisoner for the purpose of this action. He is thus barred under the PLRA from proceeding with this action IFP unless he can satisfy the exception to the PLRA's filing bar. But it is unclear from Plaintiff's complaint whether he was under imminent danger of serious physical injury at the time that he filed his complaint, and whether any of his claims have a nexus to such an imminent danger.

Plaintiff's complaint is dated November 1, 2018, and the envelope in which it was enclosed for its delivery to the Court was postmarked on November 28, 2018. But Plaintiff's claims do not appear to arise out of any events that occurred while Plaintiff was held in the NIC at the time that he filed his complaint in November 2018. Rather, they appear to arise from the allegedly poor medical care he received while he was either previously incarcerated in other correctional facilities or while he was previously released and being treated in multiple hospitals and in a nursing home. Thus, it is unclear from Plaintiff's complaint (1) whether any injuries he suffered before he filed his complaint caused him to be in imminent danger of serious physical injury at the time that he filed his complaint, and (2) whether his claims have any nexus to such an imminent danger. Accordingly, the Court cannot discern from Plaintiff's complaint whether the Court should allow Plaintiff to proceed IFP in this action under the exception to the PLRA's filing bar.

### NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

---

assert additional claims with no such nexus in the same action. *See Chavis v. Chappius*, 618 F.3d 162, 171-72 (2d Cir. 2010).

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing why the Court should not deny his amended IFP application and dismiss this action without prejudice under the PLRA's filing bar.[3]

## CONCLUSION

The Court directs this Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff to show cause why the Court should not deny his amended IFP application and dismiss this action without prejudice under the PLRA's filing bar. Plaintiff must file a declaration within thirty days explaining any reason why he should be allowed to proceed IFP in this action under the exception to the PLRA's filing bar. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny his amended IFP application and dismiss this action without prejudice under the PLRA's filing bar. *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[3] Plaintiff is not barred from paying the $400.00 in relevant fees to bring this civil action.

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 15, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge