UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENNIE GIBSON,

                Plaintiff,

-against-

EMPLOYEES, SUPERVISORS ADM, OF DOCTORS NURSES EAST ELMHURST HOSP., et al.,

                Defendants.

1:19-CV-0204 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

By order dated October 15, 2019, the Court noted that Plaintiff, who appears *pro se*, is barred under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any federal civil action *in forma pauperis* ("IFP") while he is a prisoner. It also noted that Plaintiff filed his present complaint while he was held in the North Infirmary Command ("NIC") on Rikers Island and that he seeks to proceed IFP. The Court directed Plaintiff to show cause why the Court should not deny his amended IFP application and dismiss this action without prejudice under § 1915(g).

The Court received Plaintiff's responses on November 12 and 15, and December 10, 2019. (ECF 7, 8, 9.) For the reasons discussed below, the Court denies Plaintiff's amended IFP application and dismisses this action without prejudice to Plaintiff's paying the requisite $400.00 in fees to bring this action within 30 days of the date of this order.

## DISCUSSION

"Congress adopted the [PLRA] with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The three-strikes provision was intended to "give district courts greater power to protect their dockets from meritless lawsuits." *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010). It is for this reason that courts are entitled to raise any three-strikes issue on their own motion. *Id.*; *Thompson v. DEA*, 492 F.3d 428, 435-36 (D.C. Cir. 2007) (holding that "once such evidence [showing the grounds for previous dismissals] has been produced, the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes"); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status.").

In determining whether previous dismissals count as strikes, the Court does not "have an affirmative obligation to examine actual orders of dismissal." *Harris*, 607 F.2d at 23 (citing *Thompson*, 492 F.3d at 434-35; *Andrews*, 398 F.3d at 1120), but may instead "rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted," *id.* at 23-24.

This Court, as well and the United States District Court for the Eastern District of New York, have previously recognized Plaintiff as disqualified from proceeding IFP under the PLRA's three-strikes provision. *See Gibson v. Comm'r of NYC Corr.*, ECF 1:17-CV-0318, 3 (S.D.N.Y. Jan 17, 2017), at 1 (citing *Gibson v. Weiss*, No. 01-CV-8382 (E.D.N.Y. Apr. 30, 2002),

*appeal dismissed*, No. 02-0139-pr (2d Cir. Sept. 24, 2004), and *Gibson v. Vega*, No. 01-CV-8379 (E.D.N.Y. Apr. 30, 2002), *appeal dismissed*, No. 02-0156-pr (2d May Cir. May 9, 2005)).

In each of those actions, Plaintiff had an opportunity to argue that he did not have three strikes, *cf. Harris*, 607 F.3d at 24 (noting that the plaintiff had a full opportunity to demonstrate to the district court that previous dismissals were not strikes), and, if he was not satisfied with the district court's resolution, to appeal the issue. He has also had an opportunity in the present action to argue that he does not have three strikes, and he has filed three responses that fail to do so. (*See* ECF 7, 8, 9.)

In an abundance of caution, however, the Court will ensure that Plaintiff earned at least three strikes before he mailed the present complaint from the NIC in November 2018. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-84 (2d Cir. 2019) (where the district court relied on a previous order that concluded that the plaintiff had already accrued five strikes, reversing and remanding after determining, based on the language of the dismissal orders themselves, that three of the dismissals should not have been counted as strikes).

Based on its review, the Court has determined that Plaintiff earned at least three strikes before filing the present action.[1] Those strikes include:

1. *Gibson v. Rice*, ECF 1:94-CV-6431 (S.D.N.Y. Sept. 7, 1994): dismissed as frivolous under former 28 U.S.C. § 1915(d);

2. *Gibson v. Martines*, ECF 1:98-CV-7100 (S.D.N.Y. Oct. 8, 1998): dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i);

3. *Gibson v. Unknown Grp. of Clinical Psychiatrist & Psychologist for Mid-Hudson*, ECF 1:99-CV-11323 (S.D.N.Y. Mar. 16, 2000): dismissed for failure to state a claim under § 1915(e)(2)(B)(ii);

---

[1] The Court notes that this Court has also barred Plaintiff under 28 U.S.C. § 1651 from filing any future civil actions in this Court without first obtaining leave of the Court. *See Gibson v. Queens Dist. Attorney's Office*, ECF 1:00-CV-6509, 3 (S.D.N.Y. Aug. 30, 2000), *appeal dismissed*, No. 00-301 (2d Cir.) (entered on district court docket on Dec. 13, 2000).

4. *Gibson v. Latella*, ECF 1:99-CV-11322 (S.D.N.Y. Mar. 16, 2000): same;

5. *Gibson v. Richochet Towings*, ECF 1:00-CV- 3084 (S.D.N.Y. Apr. 21, 2000): dismissed as frivolous;

6. *Gibson v. Legal Aid Soc'y*, 1:01-CV-1332 (E.D.N.Y. May 11, 2001): dismissed as frivolous under § 1915(e)(2)(B)(i);

7. *Gibson v. The City Municipality of New York*, 10-4896-pr (2d Cir. Apr. 4, 2011): appeal dismissed as frivolous.

Because Plaintiff has accrued at least three strikes, he is barred under the PLRA from proceeding with this action IFP unless he satisfies the exception to the PLRA's three-strikes provision.

Plaintiff's complaint, however, does not allege sufficient facts to satisfy the exception to the PLRA's three-strikes provision – it fails to show that Plaintiff was under imminent danger of serious physical injury at the time that he filed his complaint.[2] As discussed in the Court's October 15, 2019 order, Plaintiff's claims do not appear to arise out of any events that occurred while he was held in the NIC at the time that he filed his complaint. Instead, they appear to arise from the allegedly poor medical care he received while he was either previously incarcerated in other correctional facilities or while he was previously released and being treated in multiple hospitals and in a nursing home. And none of Plaintiff's recently filed submissions (ECF 7, 8, 9) persuades the Court otherwise.

Because Plaintiff has failed to allege any facts that suggest that he was under imminent danger of serious physical injury at the time that he filed his complaint, he is barred, under the PLRA's three-strikes provision, from proceeding with this action IFP. The Court therefore denies

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Plaintiff's amended IFP application and dismisses this action under the PLRA's three-strikes provision without prejudice to Plaintiff's paying the requisite $400.00 in fees to bring this action within 30 days of the date of this order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's amended IFP application and dismisses this action without prejudice because Plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding with this action IFP. The Court denies all requests for relief as moot. (ECF 9.) But the Court grants Plaintiff 30 days from the date of this order to pay the $400.00 in fees to bring this action. If Plaintiff fails to pay the fees within the time allowed, the Court will enter a judgment dismissing this action without prejudice under § 1915(g).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 23, 2019
       New York, New York

                                      COLLEEN McMAHON
                                  Chief United States District Judge